UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LASHAUN CASEY, | : | CIVIL NO: 1:21-cv-01367 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**ORDER**
April 25, 2022

## I. Introduction.

We are in receipt of the defendant's motion to strike and motion to stay.

*Docs. 38*, *40*.  In its motion to strike, the defendant requests that Casey's certificate

of merit ("COM") be stricken from the record for failing to comply with Pa. R.

Civ. P. 1042.3.  In its motion to stay, the defendant requests a stay of the

proceedings while we consider the motion to strike.  Based on the discussion

below, we will grant the motion to strike and grant the motion to stay.

Additionally, on April 11, 2022, Casey filed a motion to appoint counsel, a motion

for an extension of time to file an amended complaint, and a motion to appoint an

expert. *Docs. 42*, *43*, *44*.  For the reasons discussed below, we will deny Casey's

motion to appoint counsel, his motion to appoint an expert, and his motion for an

extension of time to file his amended complaint as he has already filed his

amended complaint.

## II. Motion to Strike and Motion to Stay.

By way of background, on March 21, 2022, Casey filed what he entitled a

COM. *Doc. 35*.  In professional malpractice cases such as Casey's, Pa. R. Civ. P.

Rule 1042.3 requires a plaintiff to file a COM.  Pa. R. Civ. P. 1042.3(a)(1)

provides, in pertinent part, that:

> In any action based upon an allegation that a licensed
> professional deviated from an acceptable professional standard,
> . . . the plaintiff if not represented, shall file with the complaint
> or within sixty days after filing the compliant, a certificate of
> merit signed by the . . . party that either (1) an appropriate
> licensed professional has supplied a written statement that there
> exists a reasonable probability that the care, skill or knowledge
> exercised or exhibited in the treatment, practice or work that is
> the subject of the complaint, fell outside acceptable professional
> standards and that such conduct was the cause in bringing about
> the harm.

Pa. R. Civ. P. 1042.3(a)(1).  In the alternative, Pa. R. Civ. P. 1042.3(a)(3) allows

the plaintiff to state in the COM that:

> expert testimony of an appropriate licensed professional is
> unnecessary for prosecution of the claim.
> Note*: In the event that the attorney certifies under subdivision
> (a)(3) that an expert is unnecessary for prosecution of the claim,
> in the absence of exceptional circumstances the attorney is
> bound by the certification and, subsequently, the trial court
> shall preclude the plaintiff from presenting testimony by an
> expert on the questions of standard of care and causation.

Pa. R. Civ. P. 1042.3(a)(3).[1]

Here, rather than complying with Pa. R. Civ. P. 1042.3, Casey filed a document in his own handwriting reciting his medical history and positing that the medical care he received was substandard. *Doc. 35*.  Accordingly, Casey's filing fails to comply with the requirement of Pa. R. Civ. P. 1042.3.  *See Davis v. Pennsylvania Dep't of Corr.*, 3:12-CV-02161, 2013 WL 6837797, at *10 (M.D. Pa. Dec. 23, 2013)  ("[W]here a purported certificate of merit merely recites that the plaintiff possesses knowledge of his case, that filing does not comply with Rule 1042.3, and the plaintiff's malpractice claim may be subject to dismissal.").

We previously granted Casey numerous extensions of time to file a proper COM, *see docs. 18*, *25*, and *32*, but he has failed to do so.  And because Pa. R. Civ. P. 1042.3(a)(1) requires a plaintiff to file a COM within sixty days after filing his or her complaint, and Casey has failed to do so, we will grant the motion to strike Casey's handwritten document (*doc. 35*) pursuant to Fed. R. Civ. P. 12(f).[2]

---

[1] Additionally, but seemingly not relevant here, Pa. R. Civ. P. 1042.3(a)(2) provides that the plaintiff may indicate in his or her filing that "the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard …."

[2] Fed. R. Civ. P. 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
(1) on its own; or

Because Casey is proceeding pro se, we will grant him thirty days from the date of this Order to file a COM that complies with rule Pa. R. Civ. P. 1042.3. That is to say, Casey must affirmatively demonstrate:

> [E]ither that (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or … (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

*Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 761-62 (E.D. Pa. 2007).

Thus, because we will grant the motion to strike, we will also grant the motion to stay. The defendant's response to Casey's amended complaint is stayed until at least thirty days from the date of this Order has passed.

## III.    Casey's Motions.

On April 11, 2022, Casey filed a motion to appoint counsel, motion for an extension of time to file an amended complaint, and a motion to appoint an expert. *Docs. 42*, *43*, *44*. Regarding Casey's motion to appoint counsel, because we have already denied Casey's previous motions to appoint counsel and Casey does not

---

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f).

provide any new justification for why he should be appointed counsel, his motion to appoint counsel will be denied.

Regarding Casey's motion to appoint an expert, we will also deny this motion. Indigent litigants must bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993). This includes expert witness expenses. *Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3d Cir. 1987). "Even when confronted with a situation where the need for an expert is obvious, the Court cannot finance the fees for such a witness." *Kerwin v. Varner*, Civil No. 1:CV-03-2253, 2006 WL 3742738 at *3 (M.D. Pa. Dec. 15, 2006).

Nor is the appointment of an expert warranted under Fed. R. Evid. 706, which provides that the court may appoint an expert witness and may apportion the costs of the expert among the parties. "The policy behind the rule is to promote the jury's factfinding ability" in cases involving "a complex or esoteric subject beyond the trier-of-fact's ability to adequately understand without expert assistance." *Ford v. Mercer Cnty. Corr. Ctr.*, 171 F.App'x. 416, 421 (3d Cir. 2006). The purpose of the appointment of an expert under Rule 706 is "to aid the Court, and not for the purpose of aiding an indigent litigant, incarcerated or not." *Kerwin,* 2006 WL 3742738 at *2. The Court does not abuse its "discretion in declining to appoint an independent expert solely to benefit a party who has otherwise failed to gather such

evidence as would suffice to overcome summary judgment." *Ford*, 171 F.App'x. at 420.

In this case, Casey seeks the appointment of an expert to help him prove his case. The appointment is not sought to assist the court or the trier of fact. In these circumstances, the appointment of an expert under Fed. R. Evid. 706 is not warranted, and thus, we will deny Casey's motion to appoint an expert.

Regarding Casey's motion for an extension of time to file an amended complaint, we note that on April 22, 2022, Casey filed his amended complaint (*doc. 46*) in compliance with our previous Order (*doc. 37*). Accordingly, we will deny his motion for an extension of time as it is now moot.

## IV. Conclusion.

Accordingly, **IT IS ORDERED** that the defendant's motion to strike (*doc. 38*) is **GRANTED**. Casey's handwritten document (*doc. 35*) is stricken from the record pursuant to Fed. R. Civ. P. 12(f). **IT IS FURTHER ORDERED** that, on or before **May 22, 2022**, Casey shall file a COM that complies with Rule 1042.3. Additionally, the defendant's motion to stay (*doc. 40*) is **GRANTED**. The defendant's response to Casey's amended complaint is stayed until at least thirty days from the date of this Order has passed.

Additionally, **IT IS ORDERED** that Casey's motion to appoint counsel (*doc. 42*) and motion to appoint an expert (*doc. 44*) are **DENIED.  IT IS FURTHER ORDERED** that Casey's motion for an extension of time to file his amended complaint (*doc. 43*) is **DENIED** as moot.

**_S/Susan E. Schwab_**
Susan E. Schwab
United States Magistrate Judge